UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MAUREEN CELMER,

       Plaintiff,

                 **DECISION AND ORDER**
                  12-CV-00539

  v.

LIVINGSTON INTERNATIONAL, INC.,
LIVINGSTON INTERNATIONAL INC., and
LIVINGSTON INTERNATIONAL INCOME FUND,

       Defendants.

---

  This age discrimination case is brought under the Age Discrimination and Employment Act of 1967, 29 U.S.C. § 621 *et seq.* (the "ADEA"), and the New York Human Rights Law, N.Y. Exec. Law § 290 *et seq.* ("NYSHRL"). It is pending on allegations of federal-question, diversity, and civil-rights jurisdiction under 28 U.S.C. §§ 1331, 1332, and 1343(4), as well as supplemental jurisdiction under 28 U.S.C. § 1367.

  The action arises from the termination of the plaintiff, Maureen Celmer, from her employment with defendant, Livingston International, Inc. ("Livingston US"), and affiliated defendants, Livingston International Inc. ("Livingston Canada"), and Livingston International Income Fund ("Livingston Fund"). Plaintiff Celmer was a managerial employee working in the customs-clearance and freight-forwarding business of defendant Livingston US, a wholly-owned United States subsidiary of

defendant Livingston Canada, a Canadian entity. On April 14, 2008, plaintiff was terminated after 15 years' employment.

Plaintiff Celmer alleges an ADEA claim against an integrated enterprise of all defendants for a pattern and practice of discrimination because of her age in violation of 29 U.S.C. § 623(a)(1); an ADEA-retaliation claim against all defendants in violation of 29 U.S.C. § 623(d) because plaintiff suffered retaliation after complaining of age discrimination; and a third claim of NYSHRL violations against all defendants based upon the same alleged conduct of defendants that underlies plaintiff's ADEA claims. Defendants contend that the claims of plaintiff are invalid as a matter of law primarily because the claims are beyond the Court's subject matter jurisdiction or are barred as untimely under the applicable statute of limitations.

For the reasons stated below, the Court grants defendants' motions to dismiss plaintiff Celmer's ADEA claims against defendants Livingston Canada and Livingston Fund pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. Plaintiff alleges that she was hired to work in the United States at Livingston US by all defendants as an integrated enterprise controlled from Canada. A necessary consequence of plaintiff's integrated-enterprise allegations is that she alleges she was employed by an enterprise not controlled by an American employer. In these circumstances, pursuant to § 623(h)(2) of the ADEA, the Court finds that defendants Livingston Canada and Livingston Fund, which are both foreign employers not controlled by an American employer, are beyond the reach of the

2

Court's subject matter jurisdiction under the ADEA. *Haugh v. Schroder Inv. Mgmt. North America,* No. 02 Civ. 7955 (DLC), 2003 WL 21146667 *1-2 (S.D.N.Y. May 14, 2003) (discussing *Morelli v. Cedel*, 141 F.3d 39 (2d Cir. 1998)), *but see Robins v. Max Mara, USA, Inc.*, 914 F.Supp. 1006, 1009 (S.D.N.Y. 1996) (abrogated on other grounds by *Morelli*, 141 F.3d at 45 n.1).

The parties dispute whether the Court should exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over plaintiff Celmer's NYSHRL state-law claims against defendants Livington Canada and Livingston Fund. However, plaintiff's complaint alleges that the Court has diversity jurisdiction over the NYSHRL claims pursuant to 28 U.S.C. § 1332. Because it appears the Court has original jurisdiction under § 1332, whether the Court might exercise supplemental jurisdiction is unripe for consideration. The Court also disregards defendants' motion to dismiss for inadequate service of process because the defendants waived defects in service of process in a stipulation. *Compare* Dkt, No. 5 *with* Dkt. No. 9 *and* Dkt. No. 9-1, p. 4.

The defendants' motions pursuant to Fed. R. Civ. P. 12(b) to dismiss plaintiff Celmer's NYSHRL claims as time-barred are also denied. The Court finds the statute of limitations for the NYSHRL claims was tolled during the time period plaintiff's administrative claim was pending and that the action was timely filed. *See Sloth v. Constellation Brands, Inc.*, No. 11-CV-6041-T, 2013 WL 623502 (W.D.N.Y. February 19, 2013).

Finally, the Court denies the motion to dismiss the NYSHRL claim against Livingston Fund on the ground that Livingston Fund lacks legal capacity to be sued. The motion requires factual findings as to status of Livingston Fund under Ontario Law that the Court declines to consider on a Fed. R. Civ. P. 12(b)(6) motion.

## BACKGROUND[1]

In January of 1993, plaintiff Celmer was hired by Livingston Canada to work for Livingston US, headquartered in Buffalo, New York. Plaintiff was terminated from employment on April 14, 2008. For the fifteen years of her employment, plaintiff worked in Livingston US offices near Buffalo, New York. Plaintiff alleges her termination was a result of discriminatory conduct because of her age and demands damages of approximately $4 million for losses, including back pay and front pay, liquidated damages, and punitive damages.

Plaintiff Celmer alleges the defendants are an "integrated enterprise," and that Livingston US acted as an agent of Livingston Canada and Livingston Fund in the United States. She claims in her first cause of action that she was terminated from employment by defendants because of her age in violation of § 623(a)(1) of the ADEA.

Plaintiff Celmer specifically alleges she was terminated from her position as Senior Director of Client Services U.S. Brokerage, "while younger employees . . .

---

[1] When addressing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b), the Court assumes the well-pleaded allegations in a complaint are true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

who held the same position, were not as qualified or experienced and did not perform as well as [plaintiff], were retained." Complaint, ¶ 54. Plaintiff alleges that several others who were similarly situated were discriminated against by defendants on account of age.

Plaintiff Celmer further alleges in a second cause of action defendants retaliated against her in violation of § 623(d) of the ADEA by refusing to rehire her and by opposing her application for unemployment benefits because she complained of and opposed unlawful discriminatory practices of defendants. Finally, plaintiff alleges violations of § 290 *et seq.* of the NYSHRL based upon the same facts in a third cause of action.

## DISCUSSION

I. <u>Subject Matter Jurisdiction Over ADEA Claims.</u>  Dismissal of a case for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) is proper when the district court lacks statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (internal quotations omitted). Similar to a motion to dismiss pursuant to Rule 12(b)(6), the court must "construe the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152 (2d Cir. 2002) (*quoted in Brufeidnt v. Postupack*, No. 11-5426-cv, 2013 WL 335983 *1 (2d Cir. Jan. 30, 2013)). Courts are not bound to accept as true

"a legal conclusion couched as a factual determination." *Sharkey v. Quarantillo*, 541 F.3d 75, 83 (2d Cir. 2008) (internal quotations omitted).

The party invoking the Court's subject matter jurisdiction has the burden of establishing that jurisdiction exists. *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009). Pursuant to Fed. R. Civ. P. 12(b)(h)(3), "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).[2] The Court must address questions regarding its subject matter jurisdiction even if the parties do not raise them. *Id.*

The Age Discrimination and Employment Act of 1967 "makes it unlawful for 'an employer . . . to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age.'" *Yacklon v. E. Irondequoit Cent. Sch. Distr.*, 733 F. Supp. 2d 385, 388 (W.D.N.Y. 2010) (quoting 29 U.S.C. § 623(a)). However, the ADEA provides that foreign persons not under control of an American employer are not subject to its provisions. 29 U.S.C. § 623(h)(2). Interpretation of this foreign-persons exclusion of § 623(h)(2) has split courts that have been required to considered it. *See Elliott v. British Tourist Auth.*, 986 F. Supp. 189, 191-92 (S.D.N.Y. 1997) (citing cases).

---

[2] The question whether the Court has subject matter jurisdiction is distinct from whether the plaintiff states a valid claim for relief, and should ordinarily be answered first. Robinson v. The Government of Malaysia, 269 F.3d 133, 141 (2d Cir. 2001).

As an initial matter, to determine whether an employment relationship exists under the ADEA, courts may consider the following factors:

> the hiring party's right to control the manner and means by which the product is accomplished[;] the skill required; the sources of the instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's discretion over when and how long to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the regular business of the hiring party; whether the hiring party is in business; the provision of employee benefits; and the tax treatment of the hired party.

*United States v. City of New York*, 359 F.3d 83, 92 (2d Cir. 2004).  A direct employment relationship is not always required.  For example,  "[t]he so-called 'integrated enterprise' doctrine (also called the 'single employer' doctrine) can enable an employee to hold two or more nominally separate business entities accountable as a single entity under anti-discrimination laws . . . ."  *Reagan v. In the Heat of the Nite, Inc.*, 93 CIV. 862 (KMW), 1995 WL 413249 *2 (S.D.N.Y. July 12, 1995); *EEOC v. Everdry Mktg. & Mgmt., Inc.*, No. 01-CV-6329CJS, 2005 WL 231056 (W.D.N.Y. Jan. 31, 2005) (under the "single employer/integrated enterprise doctrine . . . two entities will be regarded as a single employer subject to joint liability for employment related acts.").

Nevertheless, § 623(h)(2) of the ADEA specifically provides, "[t]he prohibitions of t[he ADEA] shall not apply where the employer is a foreign person not controlled

by the American employer." *Id.* In this case, Livingston Canada and Livingston Fund are foreign persons and employers. 29 U.S.C. § 630(a); Complaint ¶¶ 6-9.

Section 623(h)(3) of the ADEA provides a four prong test for determining who among employers control:

> For purposes of this subjection the determination of whether an employer controls a corporation shall be based upon the—(A) interrelation of operations, (B) common management, (C) centralized control of labor relations, and (D) common ownership or financial control, of the employer and the corporation.

*Id.*; *see Sabol v. Cable & Wireless PLC*, 361 F. Supp. 2d 205, 208 (S.D.N.Y. 2005) (citing *Cook v. Arrowsmith Shelburne, Inc.,* 69 F.3d 1235, 1240-41 (2d Cir. 1995)). The purpose of these provisions is to ensure that the ADEA applies to citizens of the United States employed in foreign countries by United States corporations or their subsidiaries. S*ee Morelli v. Cedel*, 141 F.3d 39, 42 (2d Cir. 1998).

Pursuant to Fed. R. Civ. P. 12(h)(3), the Court must address whether, under the § 623(h)(3) definition of "control," an integrated enterprise controlled by a foreign entity such as Livingston Canada will be treated as an entirely foreign employer exempt from the ADEA pursuant to the foreign-persons exclusion § 623(h)(2). *Compare Robins v. Max Mara, USA, Inc.*, 914 F. Supp. 1006, 1009 (S.D.N.Y. 1996) (abrogated on other grounds by *Morelli*, 141 F.3d at 45 n.1) *with Haugh v. Schroder Inv. Mgmt. North America,* No. 02 Civ. 7955 (DLC), 2003 WL 21146667 *1-2 (S.D.N.Y. May 14, 2003) (discussing *Morelli*, 141 F.3d 39).

Plaintiff Celmer alleges a "single enterprise" to establish that all defendants, including Livingston Canada and Livingston Fund, were her "employer" potentially liable under ADEA. Plaintiff specifically alleges the following facts and conclusions to support her integrated enterprise theory: defendants share a common board of directors/trustees, common executive managers, common administrative services (such as human resources); the entities brand themselves as "Livingston"; parent corporation Livingston Canada controlled the strategic direction and long term business planning of Livingston US; Livingston Canada controlled the corporate functions of finance, human resources, sales and marketing, accounts receivable, accounts payable, banking, budgeting, information technology, and communications; Livingston Canada controlled capital expenditures for general and administrative expenses. *See* Complaint, ¶¶ 18-35. Plaintiff alleges an integrated enterprise by alleging control of labor relations through human resources.

Plaintiff Celmer also repeatedly alleges that Livingston Canada controlled its wholly-owned subsidiary, Livingston US, at all relevant times. Accordingly, the entire integrated enterprise could be deemed a single foreign entity not controlled by an American employer. All the alleged employers comprising the integrated enterprise could therefore be outside the scope of the Court's subject matter jurisdiction pursuant to the foreign-person exclusion of the ADEA in § 632(h)(2). *Robins,* 914 F. Supp. at 1009 (S.D.N.Y. 1996) (abrogated on other grounds by *Morelli*, 141 F.3d at 45 n.1); *but see Sabol*, 361 F. Supp. 2d at 208 n.2 (S.D.N.Y.

9

2005).  By alleging an integrated enterprise controlled by foreign persons, plaintiff requires the Court to address whether the whole integrated enterprise is outside the Court's subject matter jurisdiction under the foreign-persons exclusion in § 623(h)(2).  *Id.*

The same issue arose in *Haugh v. Schroder Investment Management North America,* No. 02 Civ. 7955 (DLC), 2003 WL 21146667 *1-2 (S.D.N.Y. May 14, 2003).  In *Haugh*, plaintiff was employed by defendant Schroders Investment Management North America, and the court was required to consider whether the ADEA applied to the foreign parent of plaintiff's employer.  *Id.* at *1.  The plaintiff argued an integrated enterprise theory to support a claim against the foreign parent employer.  *Id.*  The court noted, however:

> The single employer doctrine cannot, however, overcome the bar presented by the unambiguous language of Section 623(h)(2).  While the single employer doctrine may make [the foreign parent] the "employer" of the plaintiff, Section 623(h)(2) provides that the ADEA shall not apply where "the employer is a foreign person not controlled by an American employer."

*Id.* at *2.  The Court concurs in this reasoning based upon the unambiguous language of the ADEA.  Neither Livingston Canada nor Livingston Fund are within the Court's subject matter jurisdiction under the ADEA because they are foreign persons not controlled by an American employer.  29 U.S.C. § 623(h)(2).

Plaintiff Celmer relies heavily on dicta in *Morelli* for the proposition that domestic employees of all foreign corporations are protected under the ADEA to try

10

to hold defendants Livingston Canada and Livingston Fund in the case under her integrated enterprise theory. *Haugh* distinguishes the argument: "[T]he *Morelli* court did not have to confront the issue presented here: whether the single employer doctrine can trump unambiguous statutory language [in 623(h)(2)]." 2003 WL 21146667 *2. In *Morelli*, the plaintiff's direct employer was a foreign corporation. *Id.* Here, the direct employer was Livingston US, where the plaintiff was hired to work. Complaint ¶¶ 16, 38. The Court concludes that the statutory language of the foreign-persons exclusion in § 623(h)(2) controls the scope of the Court's limited subject matter jurisdiction over this action.

The district court in *Haugh* did not explicitly consider whether the statutory definition of control in § 623(h)(3) may extend the foreign-person exclusion of § 623(h)(2) to an entire integrated enterprise controlled by a foreign employer. *Haugh,* 2003 WL 21146667 *2. The Court finds it does not and follows *Haugh*. To rule otherwise would put employees of an American employer working within the United States beyond the scope of the ADEA. That would be inconsistent with Congress' intent. *See Morelli v. Cedel,* 141 F.3d 39, 42 (2d Cir. 1998). The Court therefore dismisses plaintiff's first and second causes of action under the ADEA against Livingston Canada and Livingston Fund for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Plaintiff alleges ADEA claims within the Court's subject matter jurisdiction in her first and second causes of action against

Livingston US, but not against the foreign entities Livingston Canada and Livingston Fund.

II. <u>The NYSHRL Claims are Not Time-Barred.</u> Defendants argue the tolling provisions of § 297(9) of the NYSHRL do not apply to plaintiff Celmer's claim. After her termination by defendants on April 14, 2008, plaintiff filed a charge and complaint with the Equal Employment Opportunity Commission (EEOC) on or about February 4, 2009 that was cross-filed with the New York State Division of Human Rights. Complaint ¶¶ 42, 74. She filed an amended charge and complaint May 14, 2009 that was also cross filed with the Division of Human Rights. *Id.* Plaintiff received a 90-day right-to-sue letter on or about March 12, 2012. *Id.* This action was commenced on June 8, 2012, within 90 days of her receipt of the right-to-sue letter.

When considering a motion to dismiss under 12(b)(6), the Court assumes that all factual allegations in the complaint are true, and draws all reasonable inferences in plaintiff's favor. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim will not be dismissed if plaintiff has alleged "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp., v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. *at* 678. The familiar principle that the Court must accept the factual allegations in a complaint as true when deciding a motion to

dismiss pursuant to Fed. R. Civ. P. 12(b) "is inapplicable to legal conclusions," however. *Twombly,* 550 U.S. *at* 678.

Numerous courts have concluded that NYSHRL claims are tolled during the pendency of an EEOC proceeding. *See e.g., Sloth*, 2013 WL 623502 * 11 (*citing DeNigris v. New York City Health & Hosps. Corp.*, 861 F. Supp. 2d 185, 192 (S.D.N.Y. 2012) (three-year limitations period is tolled "for the period between the filing of an EEOC charge and the issuance by the EEOC of a right-to-sue letter.") (internal citations omitted)); *Esposito v. Deutsche Bank AG*, No. 07 Civ. 6722 (RJS), 2008 WL 5233590 *5 (S.D.N.Y. Dec. 16, 2008) ("Although the Second Circuit has yet to definitively opine on the issue of whether the filing of a charge with the EEOC serves to automatically toll the statute of limitations on claims asserted under [the New York Human Rights Law] . . . numerous courts in this Circuit have held that the three-year statute of limitations applicable to claims under NYSHRL . . . is tolled during the period in which a complaint is filed . . . with the EEOC.") (internal quotations omitted)).

Defendants also argue that because plaintiff Celmer filed her administrative complaint with the Equal Employment Opportunity Commission, instead of the New York State Division of Human Rights directly, the tolling analysis due to the pendency of administrative proceedings is inapplicable. Again, the Court disagrees. *See Sloth,* 2013 WL 623502 *11 (*citing Capobianco v. Sandow Media Corp.*, Nos. 11 Civ. 3162 (LAP), 11 Civ. 3163 (LAP), 2012 WL 4561761 *4 (S.D.N.Y. Sept. 29,

2012) (noting that "[a] charge filed with the EEOC should be treated as constructively cross-filed with the [New York State Division of Human Rights] and the statute of limitations for state claims should be tolled during the pendency of a claim filed with the EEOC.") (internal citations omitted); *Manello v. Nationwide Mut. Ins. Co.*, No. 11-CV-0243 (SJF), 2012 WL 3861236 *11 (E.D.N.Y. Sept. 4, 2012) (holding that "the statute of limitations for claims under the NYSHRL is subject to tolling pursuant to Section 204(a) of the New York Civil Practice Law and Rules which provides that '[w]here the commencement of an action has been stayed by statutory prohibition, the duration of the stay is not a part of the time within the action must be commenced.'") (*quoting DeNigris*, 861 F. Supp. 2d at 192)).

Moreover, "the tolling of Human Rights Law Claims is extended to administrative complaints filed with the EEOC." *Sloth*, 2013 WL 623502 *12 (*citing Martinez-Tolentino v. Buffalo State Coll.*, 277 A.D.2d 899, 715 N.Y.S.2d 554, 555 (4th Dept., 2000) (holding that the "limitations' period was tolled beginning [on] the date on which plaintiff filed his complaint with the Equal Employment Opportunity Commission.")).

When plaintiff Celmer timely filed a complaint with the EEOC, the tolling period began on February 9, 2009. She received her right-to-sue letter on March 12, 2012, which makes this action timely filed on June 8, 2013. Defendants' Fed. R. Civ. P. 12(b)(6) motions to dismiss plaintiff's NYSHRL claims as time-barred are denied.

III. <u>Supplemental Jurisdiction and Incapacity.</u>  The parties dispute whether the Court should exercise supplemental jurisdiction over the NYSHRL third cause of action on the ground "that [it is] so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  *Kolari v. New York-Presbyt. Hospital*, 455 F.3d 118, 121-22 (2d Cir. 2006) (quoting 28 U.S.C. § 1367(a)).  However, the parties overlook the allegations of plaintiff's Complaint giving rise to complete diversity of citizenship among the parties sufficient to confer original jurisdiction over the NYSHRL claims under 28 U.S.C. § 1332.  Complaint ¶¶ 1, 3, 5-7, 100.  Defendant Livingston US is a Delaware Corporation with a principal place of business in Illinois.  *See* 28 U.S.C. § 1332(c)(1).  Defendants Livingston Canada and Livingston Fund are Canadian.  Because the amount in controversy among diverse parties exceeds $75,000, jurisdiction lies under 28 U.S.C. § 1332.  None of the conditions in 28 U.S.C. § 1367(b) that limit the Court's original diversity jurisdiction appear to be applicable.

Finally, the motion to dismiss Livingston Fund based upon the alleged incapacity of defendant Livingston Fund depends upon factual matters the Court declines to entertain on defendant's Fed. R. Civ. P. 12(b)(6) motion.  *See Town of New Windsor v. Avery Dennison Corp.,* 10-CV-8611 (CS). 2012 WL 677971 *4-7 (S.D.N.Y., March 1, 2012).  The motion is denied.  The Court defers the issue of defendant Livingston Fund's capacity to be sued until summary judgment, assuming

15

it will then be a matter of self-authenticating or uncontested documentation and settled and undisputed Canadian law.

## CONCLUSION

For the reasons stated above, defendants' Livingston Canada and Livingston Fund motions to dismiss plaintiff Celmer's ADEA claims against defendants Livingston Canada and Livingston Fund in the first and second causes of action are granted pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. Defendants' motions to dismiss plaintiff's state-law NYSHRL claims in the third cause of action pursuant to Fed. R. Civ. P. 12(b)(6) as time-barred are denied. Defendants' motion to dismiss the third cause of action pursuant to Fed. R. Civ. P. 12(b)(1) for lack of supplemental jurisdiction under 28 U.S.C. § 1367 is denied because original diversity of citizenship jurisdiction exists under 28 U.S.C. § 1332. Defendant Livingston Fund's motion to dismiss the third cause of action for lack of capacity to be sued pursuant to Fed. R. Civ. P. 12(b)(6) is denied.

The Court deemed defendants' motions submitted without oral argument pursuant to Fed. R. Civ. P. 78(b) after carefully considering the parties' arguments and concluding that oral argument was unnecessary. The action will be referred to a

Magistrate Judge pursuant to 28 U.S.C. § 636(b) for further pretrial proceedings.

    SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: March 12, 2013